JjTOBIAS, J.,
DISSENTING WITH REASONS.
I respectfully dissent from the majority opinion to reverse the judgment of the trial court.
We are required to decide whether a trial judge’s decision is manifestly erroneous or clearly wrong. Stobart v. State Department of Transportation and Development, 617 So.2d 880, 882 (La.1993); Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706. From a word-for-word reading of the record (testimony, depositions, and medical records), it is clear that the trial court did not believe the plaintiff/appellant’s version of events surrounding the alleged incident and subsequent treatment. For example, the plaintiff/appellant’s version of that which he told his physician, Dr. George, varied from that which the physician recorded and understood. That is, the plaintiff/appellant’s version of the facts changed in an apparent effort to establish a claim for workers’ compensation benefits. As a result, the trial concluded that the plaintiff/appellant did not carry his burden of proof at trial.
That is not to say that had I been the trier of fact that I would not have found for the plaintiff/appellant. However, insofar as the trial court has the discretion to make credibility determinations at trial when evidence conflicts, an appellate court is required to defer to the trial court’s findings of fact and conclusions therefrom, lol cannot say that the determinations of *722 the workers’ compensation judge were clearly wrong or manifestly erroneous. Stobart, supra at 882.